# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-03223-JHN-PLAx | Date | April 25, 2011 |
|---|---|---|---|
| Title | Anglita Urquieta v. Kaiser Foundation Hospitals et al | | |

| Present: The Honorable | Jacqueline Nguyen | | |
|---|---|---|---|
| Chris Silva for Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING TO STATE COURT**

On April 15, 2011, Defendants Kaiser Foundation Hospitals ("Kaiser") and Jaemin Yang removed this action to this Court pursuant to 28 U.S.C. § 1441.[1] However, the Notice of Removal ("Notice") does not establish federal jurisdiction over the action, which asserts claims under California law.

Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine, but Defendants have not demonstrated that Plaintiff's state-law claims are completely preempted. Defendants' Notice cites to *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597 (9th Cir. 1996), for the proposition that a complaint based on state law must be recharacterized as a suit under Labor Management Relations Act section 301, 29 U.S.C. § 185(a), if the claims in actuality arise from a collective bargaining agreement. (Notice ¶ 7.) However, the court in *Rissetto* specifically noted that the plaintiff's claim under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, was not preempted by section 301, "because the right [FEHA] grants employees to be free from age discrimination is defined and enforced by California law without regard to the terms of any CBA." 94 F.3d at 600 n.2.

Here, Plaintiff's state-law complaint pleads nine causes of action under FEHA: for disability discrimination, sex discrimination, race/national origin/ancestry discrimination, harassment, failure to prevent discrimination, failure to accommodate, failure to engage

---

[1] The Notice of Removal avers that Yang joins in the removal. (Notice ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03223-JHN-PLAx | Date | April 25, 2011 |
|---|---|---|---|
| Title | Anglita Urquieta v. Kaiser Foundation Hospitals et al | | |

in the interactive process, retaliation, and wrongful termination. The complaint also pleads a cause of action for wrongful termination in violation of public policy.

The Ninth Circuit has remarked that a plaintiff's claims for wrongful termination in violation of FEHA and public policy based on age discrimination were not preempted by section 301 because "California's age discrimination law is a nonnegotiable right and applies to both unionized and nonunionized workers." *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989). "Actions asserting [rights under FEHA] are thus independent of collective-bargaining agreements." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748–49 (9th Cir. 1993). Therefore, Defendants' assertion that adjudicating Plaintiff's claims will require the Court to interpret the provisions of Plaintiff's collective-bargaining agreement is unavailing. Whether Plaintiff's claims succeed or fail will require interpretation of California law, not of the agreement's provisions. Plaintiff's state-law claims are not completely preempted, and the Court does not have federal question jurisdiction over this action.

Accordingly, this case is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles.

**IT IS SO ORDERED**.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CSI | |